PEOPLE, PLAINTIFF AND APPELLEE, *v.* VELÁZQUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Violation of the Motor Vehicles Act.

No. 1897.—Decided April 18, 1922.

AUTOMOBILES—MOTORIST—EXHIBITION OF BADGE.—It is not a violation of paragraph (J) of section 5 of the law to regulate the operation of motor vehicles in Porto Rico, approved April 13, 1916, for a motorist who is seated in his automobile while it is not in motion not to produce his badge when required to do so by a policeman when all the facts indicate that the motorist had not been operating the automobile shortly before without the badge.

The facts are stated in the opinion.

*Messrs. H. Miranda* and *F. G. Pérez Almiroty* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was twice convicted, first in the municipal court and then after a trial *de novo* in the district court, of an alleged violation of paragraph "J" of section 5 of "An Act to regulate the operation of motor vehicles in Porto Rico, approved April 13, 1916."

The paragraph referred to reads as follows:

"(J). Each license shall have a serial number and the person to whom it is issued shall be furnished a metal badge having the same number which shall be carried with the licensee whenever

driving a motor vehicle. The badge shall be shown to any police or road officer in uniform, or showing his badge, who asks to see it while the licensee is operating a motor vehicle.''

Appellant, at the time of his arrest, had just arrived at an hotel and was seated in his machine. His baggage containing the badge was in the office of the hotel. He had ceased to operate the machine and it is not claimed, nor was it shown at the trial, that any baggage had been removed before coming to a full stop, or that the bag containing the badge had not been in the car at all times while the same was in motion.

Most of the testimony relates to the details of an incident· which led up to the arrest of the appellant. This prelude, however, has nothing to do with the real question involved, and need not be discussed.

The law does not say that the badge must be carried by an owner whenever seated in his car, regardless of circumstances, but whenever driving. Nor does it say that the badge must be produced whenever requested by a policeman, but only when the officer ''asks to see it while the licensee is operating a motor vehicle.''

A little more courtesy and consideration on the part of the police, to say nothing of a trifle more tact and diplomacy on the part of motorists, in dealing with a somewhat delicate situation, would sometimes save the courts the trouble and the Government the expense of disposing of cases in which the only crime committed is a mutual breach of etiquette with extenuating circumstances.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.